# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENTE REBOLLEDO,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br><br><br>SUNTRUST MORTGAGE, INC., et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 09cv1686-LAB (BLM)<br><br>**ORDER GRANTING MOTION TO DISMISS;**<br><br>**ORDER DENYING WITHOUT PREJUDICE LEAVE TO FILE SECOND AMENDED COMPLAINT; AND**<br><br>**ORDER REQUIRING SUBSTITUTION OF COUNSEL**<br><br>[Docket numbers 7, 13, 14.] |

By agreement of the parties,[1] Plaintiff filed his first amended complaint ("FAC") on November 25, 2009. Defendant then moved to dismiss the FAC. Instead of opposing dismissal, Plaintiff acknowledged that the FAC was deficient because his counsel was ill and prepared it hastily. He believed he could amend it if given an opportunity, and asked for leave to file a second amended complaint ("SAC"). Defendants pointed out even though he said he was ill, Plaintiff's counsel had filed about eighty similar complaints in this District during this time.

---

[1] The amended complaint was accepted as filed, effectively granting the joint motion filed as Docket number 7.

Because Plaintiff has acknowledged his complaint is deficient, it is clear the motion to dismiss must be granted at least in part. After filing of the opposition (styled as a motion for leave to file a SAC), the question before the Court was whether the FAC should be dismissed with prejudice or whether Plaintiff should be given leave to amend. Defendants, construing the motion for leave to amend as an opposition, filed a reply opposing leave to amend.

Under Fed. R. Civ. P. 15, a second amended complaint is permitted only with the opposing party's consent or the Court's leave, and the Court is directed to "freely give leave when justice so requires." Leave to amend may be denied where it would be futile, would cause a defendant undue prejudice, or when it is sought in bad faith. *Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010).

After the motion was fully briefed, Plaintiff's counsel notified the Court that he was unable to continue in the practice of law, had resigned from the California bar effective just before midnight on September 14, 2010, and is attempting to notify his client of this. A copy of his letter to the Court is attached as an appendix to this order. In California, resignation is not automatic, and the Court has not yet received notice from the bar that he was permitted to resign. *See* California State Bar Rule 2.37(D) ("A member's voluntary resignation is effective only when it is accepted by the California Supreme Court.") As of the date of this order, the website of the State Bar of California lists him as active, suggesting his resignation has not yet been received. *See id.*, 2.37(C) ("Upon tendering his or her voluntary resignation and until the California Supreme Court accepts or rejects the resignation, the member is immediately enrolled as an inactive member of the State Bar of California . . . .")

No matter what the outcome of this attempted resignation, it is clear Plaintiff's counsel will be unavailable in this case. Plaintiff will need to substitute in another attorney, or proceed *pro se* (representing himself, instead of being represented by an attorney). In all likelihood another attorney would amend the complaint differently than Plaintiff's current counsel proposed to do. And if Plaintiff were to proceed *pro se*, it is unclear whether he

could or would want to amend. In addition, the Court's instructions about amendment would be tailored for a *pro se* litigant.

Although Defendants sought dismissal without leave to amend, in view of Plaintiff's counsel's admittedly deficient performance the Court believes final dismissal at this point would be inappropriate. The motion to dismiss is therefore **GRANTED IN PART** and the FAC is **DISMISSED WITHOUT PREJUDICE**. The request for leave to amend is **DENIED WITHOUT PREJUDICE**.

**Within 30 calendar days from the date this order is issued, if Plaintiff wishes to continue with this case he must either substitute in another attorney as his counsel or file a notice saying he intends to proceed *pro se*. Plaintiff's attorney has already told the Court that Plaintiff does not speak English well, so if he intends to proceed *pro se*, he will need to find someone to help him understand the Court's orders and prepare pleadings. If Plaintiff wishes to substitute in another attorney, he should promptly and diligently work to find another attorney to represent him; if he does not, he should not assume he will be given more time to find one.**

If Plaintiff substitutes in counsel or proceeds *pro se*, the Court will assume he intends to file a SAC, and will issue instructions at that time. **But if Plaintiff does not do either of these things within the time permitted, this action will be dismissed without leave to amend.**

The Clerk is directed to send a copy of this order to Plaintiff's counsel at his address as provided in the docket and at his address as provided in the appended letter, and also to Plaintiff personally at the address given in paragraph 2 of the FAC.

**IT IS SO ORDERED.**

DATED: ~~XXXXXXXXXX~~   9/20/10

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

**KENT C. WILSON**
ATTORNEY @ LAW
696 State Street
San Diego, CA 92101
619 234 5929/619 923 2677 fax
kent@kentwilson.com

September 14, 2010

The Hon. Irma E. Gonzales
U.S. DISTRICT COURT
140 Front Street
San Diego, CA 92101

| RE: | MEMBER NAME | : | KENT C. WILSON |
|---|---|---|---|
|  | BAR NUMBER | : | 058652 |
|  | SUBJECT | : | RESIGNATION |

Dear Judge Gonzales:

Please allow this letter to notify you and the other judges of the Southern District that effective at 11:59 pm, September 14, 2010, I have resigned as a member of the California State Bar. This is due to physical, mental and financial exhaustion. I have made every effort to keep the practice intact but a convergence of events since May 5, 2010, has worked to defeat all efforts. Unfortunately, the harder I continue trying to fix matters the more my client's cases become compromised.

I have enclosed a list of what I believe to be the active cases in the Southern District. My staff is working on a volunteer basis to assist me in getting cases reassigned and the clients and courts notified.

The above address in San Diego is current. I regret these circumstances and any inconvenience to the Court, opposing counsel and especially to my clients. Thank you.

Very truly yours,

Kent C. Wilson
Attorney at Law

Enclosure

CC. Judges Hayes, Lorenz, Huff, Moskowitz, Miller Whelan, Burnes Sabraw, Benitez Sammartino, Anello and Magistrate Lewis.

LtrCourts001.docx

OFFICES IN         SAN DIEGO    &    CALEXICO